# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **PHILIP J. WARD, individually** | : | |
| **and d/b/a WARD ELECTRIC,** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:21-cv-00468-AT |
| | : | |
| **ANIXTER INC.,** | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS COUNT 3 OF THE SECOND AMENDED COMPLAINT

**FISHERBROYLES, LLP**

Patrick M. Emery, Esq.
GA Bar No. 821303
PA Bar No. 306672
N.J. Bar No. 374172021
FisherBroyles, LLP
945 East Paces Ferry Rd NE, Suite 2000
Atlanta, GA 30326
(404) 793-0652
patrick.emery@fisherbroyles.com

*Counsel for Defendant Anixter Inc.*

## **<u>TABLE OF CONTENTS</u>**

**INTRODUCTION** ............................................................... 1

**RELEVANT CASE HISTORY** ........................................ 2

**STANDARD OF REVIEW** ............................................. 3

**RELEVANT FACTUAL ALLEGATIONS** ..................... 4

**ARGUMENT** ................................................................... 8

I.     The Parties' Express Contract Precludes Any Quasi-Contract Claim. .... 9

II.    The Quasi-Contract Claim Should Be Dismissed Because It Is Not Based On Any Factual Allegations And Is Implausible. ...................... 12

    A. Plaintiff Does Not Plead Any Allegations That Could Support An Unjust Enrichment Claim. ........................................... 12

    B. Plaintiff Also Does Not Plead Any Allegations That Could Support A Quantum Meruit Claim. ................................... 14

III.   The Four-Year Statute of Limitations Bars Any Quasi-Contract Claim. ................................................................. 16

**CONCLUSION** ............................................................. 18

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Amerisave Mortg. Corp. v. Recovco Mortg. Mgmt.*,

    No. 1:17-CV-164-AT, 2017 U.S. Dist. LEXIS 230233

    (N.D. Ga. Apr. 7, 2017) .............................................................................. 3-4

*Ashcroft v. Iqbal*,

    556 U.S. 662 (2009) ...................................................................................... 4

*B&R Realty v. Carroll*,

    537 S.E.2d 183 (Ga. App. 2000) ................................................................. 12

*Bell Atl. Corp. v. Twombly*,

    550 U.S. 544 (2007) ........................................................................... 4, 13, 15

*Clark v. Aaron's, Inc.*,

    914 F. Supp. 2d 1301 (N.D. Ga. 2012) ....................................................... 10

*Collins v. Shapiro & Swertfeger, LLP*,

    No. 1:12-CV-1116-ODE, 2012 U.S. Dist. LEXIS 198771

    (N.D. Ga. Apr. 27, 2012), *R&R adopted by*

    2012 U.S. Dist. LEXIS 198770 (Oct. 5, 2012) ........................................... 11

*CS-Lakeview at Gwinnett, Inc. v. Simon Prop. Group*,

    642 S.E.2d 393 (Ga. App. 2007) ................................................................. 11

*Doc Watson Enters. v. Lexisnexis Claims Sols.*,

    No. 1:17-CV-2421-AT, 2018 U.S. Dist. LEXIS 239875

    (N.D. Ga. Mar. 22, 2018) ........................................................... 10

*Dona v. Gold Rush II*,

    No. 1:05-CV-0251-JOF, 2005 U.S. Dist. LEXIS 57708

    (N.D. Ga. Dec. 7, 2005)......................................................... 12, 16

*Downtown Sports, Inc. v. Legacy AH, LLC*,

    No. 1:08-cv-03842-JOF, 2011 U.S. Dist. LEXIS 164166

    (N.D. Ga. Mar. 10, 2011) ........................................................ 8, 11

*Ga. Dep't of Cmty. Health v. Data Inquiry, LLC*,

    722 S.E.2d 403 (Ga. App. 2012) ................................................. 11

*Ga. Real Estate Props., Inc. v. Lindwall*,

    692 S.E.2d 690 (Ga. App. 2010) ................................................... 9

*Goldstein v. Home Depot U.S.A., Inc.*,

    609 F. Supp. 2d 1340 (N.D. Ga. 2009)...................................... 9, 11

*Grossman v. Nationsbank, N.A.*,

    225 F.3d 1228 (11th Cir. 2000) ..................................................... 4

*Harris Ins. Agency, Inc. v. Tarene Farms, L.L.C.*,

    667 S.E.2d 200 (Ga. App. 2008) ................................................. 14

*Harris v. Ivax Corp.*,

    182 F.3d 799 (11th Cir. 1999) ........................................................................ 4

*Hemispherx Biopharma, Inc. v. Mid-South Capital, Inc.*,

    690 F.3d 1216 (11th Cir. 2012) ........................................................... 11, 17

*Hollifield v. Monte Vista Biblical Gardens, Inc.*,

    553 S.E.2d 662 (Ga. App. 2001) .................................................................. 13

*Jysk Bed 'N Linen v. Dutta-Roy*,

    787 Fed. App'x 608 (11th Cir. 2019) ......................................................... 17

*Kalpakchian v. Bank of Am. Corp.*,

    No. 1:18 cv 03235, 2019 U.S. Dist. LEXIS 238603

    (N.D. Ga. Oct. 4, 2019) ................................................................................. 4

*Lewis v. Asplundh Tree Expert Co.*,

    305 Fed. App'x 623 (11th Cir. 2008) ........................................................... 4

*Lord Jeff Knitting Co. v. Lacy*,

    393 S.E.2d 55 (Ga. App. 1990) ................................................................... 12

*O'Brien's Irish Pub, Inc. v. Gerlew Holdings, Inc.*,

    332 S.E.2d 920 (Ga. App. 1985) ................................................................ 12

*Order Taker, Inc. v. Dedert Corp.*,

    No. 1:11-CV-3867-RWS, 2013 U.S. Dist. LEXIS 22918

    (N.D. Ga. Feb. 19, 2013) ....................................................................... 14, 15

*Order Taker, Inc. v. Dedert Corp.*,

    No. 1:11-CV-3867-RWS, 2013 U.S. Dist. LEXIS 122544

    (N.D. Ga. Aug. 27, 2013) ............................................................... 17

*Pittard Mfg. Co. v. Mitsubishi Int'l Corp.*,

    384 S.E.2d 423 (Ga. App. 1989) ........................................... 14, 15

*Stroman v. Bank of Am. Corp.*,

    852 F. Supp. 2d 1366 (N.D. Ga. 2012) ............................. 9, 13, 14

*Techjet Innovations Corp. v. Benjelloun*,

    203 F. Supp. 3d 1219 (N.D. Ga. 2016) ...................................... 10

*Yoh v. Daniel*,

    497 S.E.2d 392 (Ga. App. 1998) ............................................ 11, 12

**Statutes**

O.C.G.A. § 9-3-26 ................................................................................. 17

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................. 2, 3, 4, 8, 18

## INTRODUCTION

Plaintiff Philip J. Ward d/b/a Ward Electric's independent sales consultant relationship with Defendant Anixter Inc. was undisputedly based on an express contract. Plaintiff concedes that "[a]t all relevant times to this action, Anixter and Ward Electric were parties to a contract." Second Amended Complaint [D.E. 24 ("SAC")] at ¶ 7. A copy of the Parties' Consultant Agreement (the "Contract") is attached to Anixter's Answer to the First Amended Complaint. *See* D.E. 15-1. Ignoring this fundamental fact, the SAC's new Third Cause of Action ("Count 3") asserts a *quasi*-contractual theory of Unjust Enrichment/Quantum Meruit against Anixter. Although purportedly pleaded "in the alternative" to a contract claim, Plaintiff's quasi-contract claim fails as a matter of law and should be dismissed because the Parties' relationship was governed by an express contract.

The SAC also fails to allege any facts that might conceivably form the basis of a quasi-contract claim. Under the Contract, Plaintiff only earned commissions for orders secured from Anixter's customers while serving as its consultant. As Plaintiff recognizes, the Parties' relationship terminated along with the Contract in November 2015. Plaintiff's claims are based entirely on orders he allegedly secured through services performed while the Contract was still in effect. The SAC does not allege that Plaintiff performed any services for, or provided any other benefit to, Anixter *after* the Contract terminated. To the contrary, as the SAC recognizes, Plaintiff and

Anixter are competitors. Count 3 thus fails to state any facts to support a quasi-contract claim upon which relief may be granted.

Were that not enough for Rule 12(b)(6) dismissal, Plaintiff's unfounded quasi-contract claim is also barred by the applicable four-year statute of limitations. The SAC alleges no services or other benefits provided to Anixter by Plaintiff within the past four years, and identifies no Anixter customer orders purportedly secured by Plaintiff since mid-2017 for which Plaintiff allegedly was not paid commissions (because there are none). Indeed, the SAC does not allege *any* supporting facts that occurred after the Contract's termination in November 2015—nearly six years ago. The quasi-contract claim, therefore, is time-barred.

Accordingly, for each and all of the foregoing reasons, as further detailed below, the Court should grant Anixter's Partial Motion to Dismiss Count 3 pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss the claim with prejudice.

## <u>RELEVANT CASE HISTORY</u>

Per the governing Contract's forum selection clause (D.E. 15-1 at § 10.5), Plaintiff filed the original Complaint in this Court on January 29, 2021, and served process on Anixter on April 16, 2021. *See* D.E. 1, 10. Following discussions between the Parties, Plaintiff filed as of right the First Amended Complaint ("FAC") on June 4, 2021, which preserved the First Cause of Action for Breach of Contract ("Count 1") and the Second Cause of Action for breach of an Implied Covenant of

Good Faith and Fair Dealing ("ICGFFD") ("Count 2"), but removed the original Third Cause of Action alleging Tortious Interference with Business Relations. *Compare* D.E. 1, *with* D.E. 13. On June 18, 2021, Anixter filed its Answer to the FAC, attaching the Contract as Exhibit 1. *See* D.E. 15 and 15-1.

After an August 18, 2021 Scheduling Conference, the Court entered an Order adopting the deadlines stated in the Parties' Joint Preliminary Report and Discovery Plan, which had been filed on July 19, 2021 ("JPRDP"). *See* D.E. 21, 22, 23. Amended pleadings were due by August 18, 2021. *See* D.E. 21 at § 6(b). After the Scheduling Conference and just under the deadline, Plaintiff filed the SAC that (i) amended Count 2 to state that it was being pleaded "in the alternative" to a new Third Cause of Action ("Count 3"), and (ii) added Count 3's *quasi*-contractual claim for Unjust Enrichment/Quantum Meruit, pleaded "in the alternative" to Count 2. *Compare* D.E. 13, *with* D.E. 24.

By this Motion, Anixter seeks the dismissal of the quasi-contract claim in Count 3 with prejudice.

## STANDARD OF REVIEW

The familiar Rule 12(b)(6) standard requires the Court to dismiss Count 3 if the SAC does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Amerisave Mortg. Corp. v. Recovco Mortg. Mgmt.*, No. 1:17-CV-164-AT, 2017 U.S. Dist. LEXIS 230233, at *6 (N.D. Ga. Apr.

7, 2017) (Totenberg, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In deciding whether to dismiss Count 3, the Court "must accept all factual allegations in the [SAC] as true," but the Court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Although [P]laintiff is not required to provide 'detailed factual allegations' to survive dismissal, 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Twombly* at 555 & 570, and *Iqbal* at 678).

In evaluating this Partial Motion to Dismiss, the Court may consider the Parties' Contract as part of the pleadings provided that, as expected, Plaintiff does not challenge its authenticity. *See Kalpakchian v. Bank of Am. Corp.*, No. 1:18-cv-03235, 2019 U.S. Dist. LEXIS 238603, at *6 (N.D. Ga. Oct. 4, 2019) (Brown, J.) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999)).[1]

## RELEVANT FACTUAL ALLEGATIONS

As pleaded in the SAC and confirmed in the Contract's terms, the Contract provided that Ward Electric would earn commissions by securing orders from utility

---

[1]     Anixter attached the Consultant Agreement as Exhibit 1 to its responsive pleading to the FAC (D.E. 15-1). *See Lewis v. Asplundh Tree Expert Co.*, 305 Fed. App'x 623, 627 (11th Cir. 2008) (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)) ("As a general rule, the district court must 'limit[] its consideration to the pleadings and exhibits attached thereto' when deciding a Rule 12(b)(6) motion to dismiss.").

customers in a Northern California and Nevada territory for electrical products sold by Anixter's predecessor-in-interest, HD Supply Utilities, Ltd., and eventually by Anixter. *See* SAC at ¶ 7; D.E. 15-1 at § 2 & Ex. A. If Plaintiff secured an order that resulted in a sale, then HD Supply/Anixter agreed to pay Plaintiff twenty-five percent of the "Gross Margin" (as defined in the Contract) of that sale. *See* D.E. 15-1 at § 2 & Ex. A.

Plaintiff alleges that, from the Contract's inception in 2007 until its termination by Anixter in November 2015, Ward Electric performed under the Contract and secured "millions of dollars of" product orders from a long list of HD Supply/Anixter customers in the designated territory.[2] *See* SAC ¶¶ 8, 10-11. Plaintiff does not – and cannot – allege that HD Supply/Anixter paid no commissions to Plaintiff during Plaintiff's eight years of performance under the Contract. Rather, Plaintiff claims that when Anixter terminated the Contract, "hundreds of thousands of dollars in commissions" were still owed, which Plaintiff has demanded but Anixter has not paid. *See* SAC at ¶ 14. Plaintiff claims that Anixter owes "approximately $1.7 million" for a combination of "commissions, expenses, and

---

[2] Per the SAC, Anixter notified Plaintiff of the Contract's termination on October 9, 2015, which went into effect on November 30, 2015. *See* SAC at ¶ 13. Plaintiff agrees that the Contract was terminated in November 2015. *See* JPRDP at 2.

other amounts due and owing under the Contract." SAC ¶ 16.[3]

Count 1 alleges that HD Supply/Anixter breached the Contract's payment terms by failing to pay the full commissions that were owed to Plaintiff. *See* SAC ¶¶ 17-20. Despite demanding millions of dollars in damages, the SAC does not identify a single order that Plaintiff allegedly secured for which no commission was allegedly paid. *See generally* SAC.

Count 2 alleges that HD Supply/Anixter breached an ICGFFD in the Contract by, essentially, hindering Plaintiff's ability to secure orders, and thus reducing the potential commissions that Plaintiff could earn. *See* SAC ¶¶ 21-27. Plaintiff claims that HD Supply/Anixter did this in two ways. First, Plaintiff alleges that Anixter circumvented Ward Electric by working directly with customers in the territory, routing some orders away from Plaintiff. *See* SAC at ¶¶ 11, 15, 25-26. Second, Plaintiff avers that Anixter prevented Plaintiff from selling certain product lines to customers in the territory. *See* SAC at ¶¶ 12, 15, 25-26. Plaintiff claims that had Defendant not committed these alleged breaches of the Contract's ICGFFD, then Plaintiff's commission payments would have been increased, although the amount is not pleaded in the SAC. *See* SAC at ¶ 27.[4]

---

[3]     The Contract does not provide for the payment of "expenses." To the contrary, the Contract provides that, apart from earned commissions, the "Consultant shall not be entitled to any other compensation for such Services." D.E. 15-1 at § 2.

[4]     *But see* D.E. 15-1 at § 10.1.1 ("Company shall be under no commitment to

The new Count 3 alleges that Plaintiff provided "services" to Anixter for which Plaintiff was not compensated. *See* SAC ¶¶ 28-33. Yet, the SAC does not allege any facts showing that Plaintiff provided any services or any other benefit to Anixter *after* the Contract terminated on November 30, 2015. *See generally* SAC. Plaintiff asserts in conclusory fashion that Ward Electric was the "procuring cause of millions of dollars in additional orders" that unnamed customers sent to Anixter – "a major supplier of electrical grid components" – after November 30, 2015. SAC at ¶¶ 4, 32. No facts support this contention. *See generally* SAC at ¶¶ 28-33.

Notably, Anixter offered to hire Philip Ward as an employee when it exercised the Contract's option to terminate the Consultant Agreement in November 2015, shortly after closing the acquisition of the HD Supply business. *See* SAC ¶ 13; D.E. 15-1 at § 4 ("Either party may terminate this Agreement at any time upon at least two (2) weeks prior written notice to the other party."). Mr. Ward, however, refused Anixter's offer of employment. *See* SAC ¶ 13. As the Complaint concedes, Plaintiff did not provide any services to Anixter after November 2015. Far from it. Plaintiff and Anixter compete in the market for sales of electrical equipment and components. *See* SAC at ¶¶ 3-4.

---

place Consultant resources on any engagements or permit Consultant to perform Services on its behalf under the terms of this Agreement.").

## **ARGUMENT**

Count 3 is subject to Rule 12(b)(6) dismissal for three primary reasons. Foremost, because "there is an express contract explicitly governing the parties' relationship," and "[b]ased on that alone, Plaintiff['s] claim for quantum meruit/unjust enrichment fails." *Downtown Sports, Inc. v. Legacy AH, LLC*, No. 1:08-cv-03842-JOF, 2011 U.S. Dist. LEXIS 164166, at *18 (N.D. Ga. Mar. 10, 2011) (Forrester, J.). Regardless of the various labels and "alternative" tags that Plaintiff applies to Count 3, Plaintiff's suit relies on the Contract, thus rendering *quasi*-contract relief unavailable.

Additionally, the dearth of facts found in the SAC supporting Count 3's theory also dooms this implausible claim to dismissal.

Finally, Georgia's four-year statute of limitations for quasi-contractual claims begs a question of Count 3, which was filed on August 18, 2021: what financial benefit did Plaintiff allegedly confer upon Anixter in the past four years—since August 2017? *No benefit at all* is the only conclusion that can be drawn from the SAC's failure to allege any supporting facts occurring after the Contract was terminated nearly six years ago. On its face, Count 3 is time-barred.

For each of these independent reasons, the Court should grant Anixter's Partial Motion to Dismiss Count 3 of the SAC with prejudice.

## I.      The Parties' Express Contract Precludes Any *Quasi*-Contract Claim.

This Court holds that when "a valid contract in fact exists," the "Plaintiff cannot succeed on an alternative theory of recovery for unjust enrichment." *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1378 (N.D. Ga. 2012) (Totenberg, J.) (citations omitted).[5]

Here, the existence of a valid contract is not a disputed fact: the Parties agree that the Consultant Agreement forms the basis of Plaintiff's relationship with Anixter. *See, e.g.*, SAC at ¶ 7 & D.E. 15 at ¶ 7; *see also* D.E. 15-1. Accordingly, Count 3 should be dismissed.

Further, Count 3 incorporates a fatally inconsistent fact– that "[a]t all relevant times to this action, Anixter and Ward Electric were parties to a contract" – into its allegations. *See* SAC ¶¶ 7 & 28. "Given the incorporation of this allegation [of a valid contract] into the equitable counts, the equitable counts cannot withstand the motion to dismiss." *Goldstein v. Home Depot U.S.A., Inc.*, 609 F. Supp. 2d 1340, 1347 (N.D. Ga. 2009) (Cooper, J.) (citations omitted). Because it has "not been properly plead," Count 3's equitable claim is "subject to dismissal." *Id.* at 1347-48; *see, e.g.*, *Ga. Real Estate Props., Inc. v. Lindwall*, 692 S.E.2d 690, 693 (Ga. App. 2010) ("There cannot be an express and implied contract for the same thing existing

---

[5]      In *Stroman*, this Court denied dismissal of the plaintiff's unjust enrichment claim because the defendants had "contest[ed] the existence of a valid contract between the parties." *Stroman*, 852 F. Supp. 2d at 1378. That is not the case here.

at the same time between the same parties. A plaintiff is estopped to recover on quantum meruit where there exists an express agreement.") (internal quotation and citation omitted).

Plaintiff's "alternative" pleading between Counts 2 and 3 fails to cure this infirmity. *See* SAC at ¶¶ 22 & 29. First, Count 1 – a "Breach of Contract" claim – remains outside Plaintiff's alternative-pleading framework. *See* SAC at ¶¶ 17-20. While a plaintiff sometimes may plead an unjust enrichment claim as an alternative to a breach of contract claim, this Court holds that a plaintiff is precluded from doing so "when it is undisputed (or when the court has found) that a valid contract exists." *Techjet Innovations Corp. v. Benjelloun*, 203 F. Supp. 3d 1219, 1234 (N.D. Ga. 2016) (Totenberg, J.) (quoting *Clark v. Aaron's, Inc.*, 914 F. Supp. 2d 1301, 1309 (N.D. Ga. 2012)). As Count 1 asserts, and Anixter does not dispute, the Contract formed the basis of the Parties' relationship. Count 3's unjust enrichment claim thus cannot survive as an alternative theory of recovery.

Likewise, Count 2 is based on the indisputably valid Contract, precluding Count 3's "alternative" unjust enrichment theory. Any claim for breach of an ICGFFD "must be tied to a specific contract provision to be actionable," and an ICGFFD "cannot be breached apart from the express terms of the contract." *Doc Watson Enters. v. Lexisnexis Claims Sols.*, No. 1:17-CV-2421-AT, 2018 U.S. Dist. LEXIS 239875, at *28 (N.D. Ga. Mar. 22, 2018) (Totenberg, J.) (citations omitted).

Count 2 even asserts that "Anixter breached the Contract as modified by the [ICGFFD] …." SAC ¶ 26. Anixter does not dispute the existence of the Contract on which Count 2 is based. Count 3 therefore must be dismissed. *See, e.g.*, *Collins v. Shapiro & Swertfeger, LLP*, No. 1:12-CV-1116-ODE, 2012 U.S. Dist. LEXIS 198771, at *37 (N.D. Ga. Apr. 27, 2012) (Braverman, Mag. J.), *R&R adopted by* 2012 U.S. Dist. LEXIS 198770 (Oct. 5, 2012) (Evans, J.) (citing *CS-Lakeview at Gwinnett, Inc. v. Simon Prop. Group*, 642 S.E.2d 393, 398-99 (Ga. App. 2007)) ("The law of unjust enrichment applies only when there is no express contract between the parties.").

Plaintiff's attempt to apply different titles – "Quantum Meruit" and "procuring cause" – to the quasi-contract theory asserted in Count 3 does not alter its fate.[6] *See* SAC at ¶ 32. The Contract's uncontested existence undermines Count 3 no matter how the quasi-contract claim is labeled. *See, e.g.*, *Goldstein*, 609 F. Supp. 2d at 1347 ("While a party may plead equitable claims in the alternative, the party

---

[6]     Unjust enrichment and quantum meruit are not the same. *See, e.g.*, *Downtown Sports*, 2011 U.S. Dist. LEXIS 164166, at *16 (citing *Yoh v. Daniel*, 497 S.E.2d 392, 394-95 (Ga. App. 1998)) ("Plaintiffs do not articulate whether they are attempting bring a claim for quantum meruit or a claim for unjust enrichment or both. The claims are not legally the same, and each requires different elements to be proven."); *Hemispherx Biopharma, Inc. v. Mid-South Capital, Inc.*, 690 F.3d 1216, 1230 (11th Cir. 2012) (citing *Ga. Dep't of Cmty. Health v. Data Inquiry, LLC*, 722 S.E.2d 403, 407 (Ga. App. 2012)) ("These related equitable theories permit a party who cannot recover under a contract … to receive compensation for performing a valuable service (quantum meruit) or conferring a benefit on another (unjust enrichment).").

may only do so if one or more of the parties contests the existence of an express contract governing the subject of the dispute."); *Dona v. Gold Rush II*, No. 1:05-CV-0251-JOF, 2005 U.S. Dist. LEXIS 57708, at *8 (N.D. Ga. Dec. 7, 2005) (Forrester, J.) (quoting *Lord Jeff Knitting Co. v. Lacy*, 393 S.E.2d 55, 56 (Ga. App. 1990)) ("[U]nder Georgia law, 'there can be no recovery in quantum meruit where an express contract governs all the claimed rights and responsibilities of the parties.'"); *B&R Realty v. Carroll*, 537 S.E.2d 183, 186 (Ga. App. 2000) (citing *O'Brien's Irish Pub, Inc. v. Gerlew Holdings, Inc.*, 332 S.E.2d 920, 922 (Ga. App. 1985)) ("Where an express contract governs the conditions under which a commission is to be paid, … the common law 'procuring cause' doctrine does not apply.").

Because the Parties' relationship was governed by an express contract, Count 3 should be dismissed.

## II. The Quasi-Contract Claim Should Be Dismissed Because It Is Not Based On Any Factual Allegations And Is Implausible.

Beyond the Contract's preclusive impact, Count 3 fails – regardless of whether it is construed as (A) an unjust enrichment claim, or (B) a quantum meruit claim – because it is not based on any factual allegations and is entirely implausible.

### A. Plaintiff Does Not Plead Any Allegations That Could Support An Unjust Enrichment Claim.

As Count 3 lacks any "showing of the anticipation of compensation" on which "[q]uantum meruit relies," *Yoh*, 497 S.E.2d at 394, and because Count 3's final

sentence uses the phrase "unjustly enriched," SAC ¶ 33, Anixter presumes that Count 3 is a claim for unjust enrichment (notwithstanding the heading's broader description of "Unjust Enrichment/Quantum Meruit"). "The key elements of an unjust enrichment claim are that: (1) the defendant received an identifiable benefit (2) at no cost to itself." *Stroman.*, 852 F. Supp. 2d at 1378 (citing *Hollifield v. Monte Vista Biblical Gardens, Inc.*, 553 S.E.2d 662, 670 (Ga. App. 2001)).

As to the first element, Count 3 alleges that Anixter received the benefit of unspecified "services" from Plaintiff. SAC ¶¶ 30-31, 33. The Complaint, however, fails to allege any vague "services" that Plaintiff provided to Anixter *after* the Contract terminated. Such a "threadbare" pleading, *Twombly*, 550 U.S. at 555, fails to place Anixter on notice of any "identifiable benefit" that Anixter purportedly received from Plaintiff outside of the Contract. *Stroman*, 852 F. Supp. at 1378. In particular, it is impossible to determine whether such purported "services" expanded beyond the "Services" for which Anixter was obligated to pay Plaintiff a commission under the Contract. D.E. 15-1 at § 2 & Ex. A. Plaintiff likely avoided elaborating on the alleged "services" because they are identical to the "Services" provided while the Contract was in force. This intentionally vague pleading fails both the *Twombly* standard and the first element of an unjust enrichment claim.

Relatedly, with respect to unjust enrichment's second element, because Count 3 does not specify what alleged "services" were rendered, Plaintiff fails to plead

anything other than mere conclusory statements regarding Anixter's alleged failure to pay Plaintiff for such "services." *See* SAC ¶ 33. Because the Count 3 "services" presumably overlap with the Contract's "Services," Plaintiff's relief is contractual under Counts 1 or 2, and is not *quasi*-contractual under Count 3. This conflict between the express Contract (*e.g.*, "Services") and the *quasi*-contract (*e.g.*, "services") underscores why unjust enrichment only "applies when as a matter of fact there is no legal contract." *Stroman* at 1378 (quoting *Harris Ins. Agency, Inc. v. Tarene Farms, L.L.C.*, 667 S.E.2d 200, 201 (Ga. App. 2008)). Presented with this conflict, Counts 1 and 2 – the express contract claims – prevail over Count 3.

Because Count 3 lacks plausible pleaded facts to state the elements of an unjust enrichment claim against Anixter, Count 3 should be dismissed.

B.   <u>Plaintiff Also Does Not Plead Any Allegations That Could Support A Quantum Meruit Claim.</u>

Assuming *arguendo* that a quantum meruit claim could co-exist with the Contract's express agreement for sales commissions, "a sales agent may not recover commissions under a quantum meruit theory following the termination of her sales agent agreement unless the agent *shows* she was the 'procuring cause of the sale.'" *Order Taker, Inc. v. Dedert Corp.*, No. 1:11-CV-3867-RWS, 2013 U.S. Dist. LEXIS 22918, at *15 (N.D. Ga. Feb. 19, 2013) (Story, J.) (quoting *Pittard Mfg. Co. v. Mitsubishi Int'l Corp.*, 384 S.E.2d 423, 424 (Ga. App. 1989)) (additional citations omitted) (emphasis added).

- 14 -

Plaintiff, however, shows no facts in support of Count 3, but instead broadly asserts in a single sentence that, after terminating the Contract, Anixter received "millions of dollars in additional orders from customers" for which Plaintiff was the "procuring cause." SAC ¶ 32. The SAC vaguely claims that Plaintiff was a "procuring cause" of *unidentified* orders that Anixter – "a major supplier of electrical grid components" – continued to receive from *unidentified* customers on *unidentified* occasions sometime after Plaintiff rejected Anixter's employment offer and the Contract ended. SAC ¶¶ 4, 13, 32. This stark lack of facts "do[es] not suffice." *Twombly*, 550 U.S. at 555. In addition to being a "mere conclusory statement[]," *id.*, Plaintiff's implausible "procuring cause" theory lacks any factual or legal support.

Moreover, "[t]o be found the procuring cause of the sale, 'it must be established that the *negotiations were still pending* between the prospective purchaser [*i.e.*, Anixter's customer] and the one seeking the commission [*i.e.*, Plaintiff] and that the owner [*i.e.*, Anixter] *was aware that there were pending negotiations* when it consummated the sale.'" *Order Taker*, 2013 U.S. Dist. LEXIS 22918 at *15 (quoting *Pittard*, 384 S.E.2d at 424) (emphasis added). The SAC does not – and cannot – allege any such facts.[7]

---

[7]     To the extent that Plaintiff continued to negotiate with Anixter's customers after November 30, 2015 without Anixter's authorization, then Plaintiff breached the Contract's Customer Nonsolicitation clause. *See* D.E. 15-1 at § 8.2. Anixter reserves the right to counterclaim Plaintiff if further investigation indicates that this

Finally, returning to the Contract's preclusive effect on Count 3, "under Georgia law, where parties have contracted for [commission payments], the common law cause of action of 'procuring cause' is not applicable because the express agreement controls the parties' relationship." *Dona,* 2005 U.S. Dist. LEXIS 57708 at *8 (citations omitted). To the extent that Plaintiff contends that it provided "Services" to Anixter after the Contract's termination, then relief is found not in *quasi*-contract theory, but in the Contract's express Term and Termination clause. *See* D.E. 15-1 at § 4 ("In the event any Services are outstanding upon the termination or expiration of this Agreement, then, at the request of Company, Consultant agrees to complete such Services or provide assistance as reasonably requested by Company … provided that Company agrees to pay for all such Services and transition assistance … at the rates set forth herein unless the parties agree in writing otherwise."). Again, Plaintiff's *quasi*-contract claim is barred by contract.

Count 3 therefore is meritless, and should be dismissed.

## III. The Four-Year Statute of Limitations Bars Any Quasi-Contract Claim.

Even if Plaintiff's quasi-contract claim were not precluded by the Contract, and even if the SAC alleged plausible facts to support a quasi-contract claim, the applicable statute of limitations bars Count 3.

In Georgia, for unjust enrichment and quantum meruit claims, "[t]he statute

indeed occurred.

of limitations on both claims is four years." *Jysk Bed 'N Linen v. Dutta-Roy*, 787 Fed. App'x 608, 612 (11th Cir. 2019) (citing O.C.G.A. § 9-3-26). With the SAC filed on August 18, 2021, the earliest that Plaintiff can claim Anixter was "unjustly enriched" from the "valuable benefits" that Plaintiff allegedly bestowed upon Anixter – whether via unidentified "services provided" or as the "procuring cause" of unidentified orders from unidentified customers – was August 18, 2017. SAC ¶¶ 32-33; *see* O.C.G.A. § 9-3-26.

The SAC does not – and cannot – state a plausible factual claim that Plaintiff did anything benefitting Anixter more than 1 year and 8 months beyond the Contract's November 30, 2015 termination date. *See Order Taker, Inc. v. Dedert Corp.*, No. 1:11-CV-3867-RWS, 2013 U.S. Dist. LEXIS 122544, at *7 (N.D. Ga. Aug. 27, 2013) (Story, J.) (holding that, unlike in *Hemispherx*, *supra*, "in which the sales agent was negotiating with potential purchasers with the knowledge of Hemispherx *in the same month* of the purchases," where "the sales occurred *more than a year after* [the plaintiff] was terminated…, the Court did not err in granting judgment for Defendant on Plaintiff's quantum meruit claim" (emphasis added)).

This is so regardless of how "diligently, skillfully, and effectively" Plaintiff may have obtained orders during the Contract's term, and "[d]espite Ward's excellent performance under the Contract." SAC ¶¶ 10 & 11. Plaintiff was a good enough independent sales consultant that Anixter offered him a job. *See* SAC ¶ 13.

But, with all due respect, Plaintiff wasn't *that* good. It is implausible to suggest that any services Plaintiff provided to Anixter during the pendency of the Contract (which, once again, would be governed by the Contract, not by a *quasi*-contract theory) continued to benefit Anixter twenty or more months after the Contract had terminated. Tellingly, the SAC does not allege anything Plaintiff did during the pendency of the Contract that somehow resulted in a customer order or other benefit to Anixter nearly two years (or more) after the Contract had terminated, and the SAC fails to identify a single order or other benefit that appeared long after the Contract ended. *See generally* SAC.

Nor does Plaintiff allege that Ward continued to provide services to Anixter after the Contract terminated in November 2015. On the contrary, as the SAC recognizes, Plaintiff and Anixter are competitors in the electrical equipment and components market. *See* SAC ¶¶ 3-4. The SAC lacks any allegations that Plaintiff provided services, procured orders, or bestowed benefits to Anixter within the past four years. Accordingly, Count 3 should be dismissed as time-barred.

## CONCLUSION

For all of the foregoing reasons, Anixter respectfully requests that the Court grant Anixter's Partial Motion to Dismiss Count 3 of the SAC, and dismiss Count 3 with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Dated: September 8, 2021                    Respectfully Submitted,

                                            */s/ Patrick M. Emery*
                                            Patrick M. Emery, Esq.
                                            GA Bar No. 821303
                                            PA Bar No. 306672
                                            N.J. Bar No. 374172021
                                            FisherBroyles, LLP
                                            945 East Paces Ferry Rd NE, Suite 2000
                                            Atlanta, GA 30326
                                            (404) 793-0652
                                            patrick.emery@fisherbroyles.com

                                            *Counsel for Defendant Anixter Inc.*

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL RULES</u>

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that this Memorandum was prepared using 14-point Times New Roman font, which is approved by the Court in Local Rule 5.1(B).

*/s/ Patrick M. Emery*
Patrick M. Emery, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Patrick M. Emery*
Patrick M. Emery, Esq.

*Counsel for Defendant Anixter Inc.*
